UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EDWARD GILBEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:10-CV-0060-SNLJ |
| ) | No. 1:10-CV-0120-SNLJ |
| RJW TRANSPORT, INC., ) | CONSOLIDATED |
| ) | |
| Defendant/Third Party Plaintiff ) | |
| ) | |
| HENRY NICLEY, NICLEY ) | |
| CONSTRUCTION, LLC, ) | |
| ) | |
| Third Party Defendants ) | |
| ) | |
| and ) | |
| ) | |
| HENRY NICLEY and TAMIE M. NICLEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| RJW TRANSPORT, INC., ) | |
| ) | |
| Defendant/Third Party Plaintiff ) | |
| ) | |
| HENRY NICLEY, NICLEY ) | |
| CONSTRUCTION, LLC, ) | |
| ) | |
| Third Party Defendants ) | |

## MEMORANDUM AND ORDER

This personal injury case arises out of a tractor-trailer crash on Missouri Highway 55. Plaintiff Edward Gilbee was riding as a passenger in an automobile driven by plaintiff/third-party defendant Henry Nicley. Defendant/third party plaintiff RJW Transport, Inc. was the employer of

the driver of the tractor-trailer alleged to have caused the collision. Plaintiffs Gilbee and Nicley both sued RJW separately, and those cases have been consolidated. Now before the Court are defendant RJW's Motions to Strike Plaintiffs' Claim for Punitive Damages (#26, #27). The plaintiffs have filed responses (#31, #32), and RJW filed replies (#33, #34). Because the substance of the complaints and the motions are esentially the same, the Court will dispose of both of RJW's Motions to Strike in one memorandum and order.

## I. Legal Standard

### A. Rule 12(b)(6)

Defendant has asked the Court to strike plaintiffs' punitive damages claims because, it argues, punitive damages have not been adequately pleaded. Defendant cites to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009), and argues that plaintiffs have pleaded only negligence and — aside from merely stating that defendant's acts were intentional, willful, wanton, and reckless — have pleaded nothing to support their claim for punitive damages. Thus, it appears as though defendant is moving to dismiss the punitive damages claims under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim for which relief can be granted.

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to November 23, 2010 state a claim if it does not plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 560 (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003).  Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).  Finally, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950).

### B. Rule 12(f)

Plaintiffs read defendant's motion as a motion to strike under Federal Rule of Civil Procedure 12(f), which provides that "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter." Defendant denies that it styled its motion as a Rule 12(f) motion to strike, but it nevertheless maintains that Rule 12(f) provides a valid mechanism for dismissing the plaintiffs' punitive damages claims.

Because they propose a drastic remedy, motions to strike are not favored and are infrequently granted. *Stanbury Law Firm, P.A. v. Internal Revenue Service*, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. *Id.*

Matter in a complaint will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation. 2 James W. Moore, *et al.*, *Moore's Federal Practice* §12.37[3] (3d ed. 2009). If there is any doubt whether the matter may raise an issue, the motion should be denied. *Id.* If allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party. *Id.* A prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike. *Id.*; *see, e.g.*, *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (E.D. Mo. 1997) (striking claim for punitive damages against municipality); *Brokke v. Stauffer Chem. Co.*, 703 F. Supp. 215, 222 (D. Conn. 1988) (striking claim for punitive damages under ERISA); *Chambers v. Weinberger*, 591 F. Supp. 1554, 1557-58 (N.D. Ga. 1984) (striking liquidated damages claim in ADEA action against the federal government).

**II.     Analysis**

Plaintiffs' claims for punitive damages do not warrant dismissal under Rule 12(b)(6), nor should they be stricken pursuant to Rule 12(f).

Under Missouri law, punitive damages are awarded in a negligence case only if, at the time of the alleged negligent act, the defendant "knew or had reason to know that there was a high probability that the action would result in injury." *Alack v. Vic Tanney Int'l of Missouri*, 923 S.W.2d 330, 338 (Mo. 1996) (quoting *Hoover's Dairy, Inv. v. Mid-America Dairymen, Inc.*, 700 S.W.2d 426, 436 (Mo. 1985)); *see also Coon v. American Compressed Steel, Inc.*, 207 S.W.3d 629, 637 (Mo. Ct. App. 2006). "The defendant's conduct must be tantamount to intentional wrongdoing where the natural and probable consequence of the conduct is injury. With such a showing, a plaintiff can recover for aggravating circumstances based upon the defendant's complete indifference to or conscious disregard for the safety of others." *Lopez v. Three Rivers Electric Cooperative, Inc.*, 26 S.W.3d 151, 160 (Mo. 2000) (internal citations omitted). "This does not mean that plaintiff must always prove conduct that is different from and in addition to the conduct that proves the negligence in order to make a submissible case for punitive damages. Instead, a plaintiff may meet this burden by presenting evidence of defendant's culpable mental state." *Smith v. Brown & Williamson Tobacco Corp.*, 275 S.W.3d 748, 813 (Mo. Ct. App. 2008).

The substance of plaintiffs' complaints is nearly identical. Plaintiff Henry Nicley has filed a four-count complaint including Negligence (Count I), Negligent Hiring, Training, Supervising & Retraining (Count II), Negligence Per Se (Count III), and, by Plaintiff Tamie Nicley, Loss of Consortium (Count IV). Plaintiff Edward Gilbee, who was Nicley's passenger, has filed a three-count complaint including the same counts as Nicley's complaint, except Loss of Consortium.

Each plaintiff alleges that, among other things, (1) defendant trucking company is subject to the Federal Motor Carrier Safety Regulations ("Regulations"), (2) defendant hired and employed the truck driver, Michael Szkaradzinski, who is alleged to have caused the accident that injured plaintiffs, (3) defendant (through its employee) was negligent in operating the truck in a multitude of ways, including driving at unsafe speed, driving while tired/fatigued, driving under the influence of prescription medication, failing to obey Regulations, and operating the truck in excess of hours allowed by the Regulations, (4) defendant failed to train its driver or ensure that its driver had the required training and experience, (5) defendant operated the truck in violation of the law, (6) defendant and its driver had a history of Regulation violations, (7) defendant violated numerous identified statutory duties relating to safety, and (8) defendant's conduct was reckless, willful, and wanton, and showed disregard for the safety of the motoring public.

Unlike other cases where punitive damages claims have been stricken, *e.g.*, *Spinks*, 176 F.R.D. at 574, there is no statutory or other bar to punitive damages in this sort of negligence case. Plaintiffs have pleaded sufficient facts to support a claim for punitive damages. As the Supreme Court recently held in *Iqbal*, plaintiffs must allege "sufficient factual matter" to "state a claim to relief that is plausible on its face," which requires that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1949. Plaintiffs have done so here. Although defendant argues that plaintiffs must allege facts to show that the "alleged acts or omissions really were willful, wanton, reckless, or intentional," plaintiffs' allegations regarding defendant's knowing and intentional violations of applicable regulations and standards show exactly that. *See Coon*, 207 S.W.2d at 639 (noting the relevance of defendant's knowing violation of safety standards in determining

whether punitive damages are appropriate).

Moreover, for the same reasons, there is no reason to strike plaintiffs' punitive damages claims as immaterial, redundant, or scandalous pursuant to Federal Rule of Civil Procedure 12(f).

Accordingly,

**IT IS HEREBY ORDERED** that defendant RJW Transport, Inc.'s Motions to Strike Plaintiff's Claim for Punitive Damages (#27, #29) filed October 13 and 18, 2010, are **DENIED**.

Dated this   24th   day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE