UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EDWARD GILBEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:10-CV-0060-SNLJ |
| | ) | No. 1:10-CV-0120-SNLJ |
| RJW TRANSPORT, INC., | ) | CONSOLIDATED |
| | ) | |
| Defendant/Third Party Plaintiff | ) | |
| | ) | |
| HENRY NICLEY, NICLEY CONSTRUCTION, LLC, | ) | |
| | ) | |
| Third Party Defendants | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HENRY NICLEY and TAMIE M. NICLEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RJW TRANSPORT, INC., | ) | |
| | ) | |
| Defendant/Third Party Plaintiff | ) | |
| | ) | |
| HENRY NICLEY, NICLEY CONSTRUCTION, LLC, | ) | |
| | ) | |
| Third Party Defendants | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant RJW Transport Inc.'s Motion for Protective Order against plaintiff Gilbee, #63, filed January 17, 2012.  Plaintiff has filed a response to the motion, #64, to which defendant has replied, #65.  Defendant's motion for

protective order relates to plaintiff's First Request for Admission Directed to Defendant, a copy of which has been provided by each party and which contains 123 separate requests for admission. Defendant seeks a protective order shielding it from having to respond at all to plaintiff's request for admissions because the parties have already conducted written discovery in this case, have taken depositions of the parties and witnesses, many of the items in plaintiff's request are objectionable, and many of the requested admissions have already been the subject of prior discovery. Plaintiff counters that this is a complex personal injury case involving numerous issues of fact and regulation and that its request is necessary to narrow the issues and contested facts for trial.

The federal rules confer "broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir.1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, (1984) (internal quotations omitted)). Even if the information sought in discovery is relevant, "discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous*, 197 F.3d at 925 (quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990)). Fed. R. Civ. P. 26(c) "requires that 'good cause' be shown for a protective order to be issued," and that "the burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements . . . .'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citation omitted).

The Court notes at the outset, as plaintiff points out, that defendant failed to provide a statement in its motion, pursuant to E.D. Mo. L.R. 37-3.04(A), that its counsel "has conferred . . . with the opposing counsel in good faith or has made reasonable efforts to do so, but that *after sincere efforts to resolve their dispute*, counsel are unable to reach an accord" (emphasis added). Defendant states in its reply that counsel spoke with plaintiff's counsel during a deposition break on January 6, 2012, "about the voluminous and lengthy" request for admissions and that plaintiff's counsel responded that the request was reasonable based upon the complex nature of the case. Based on this conversation, defendant filed the motion. Since the propounded discovery at issue here is labeled plaintiff's "First Request for Admission," the Court assumes that defendant is not objecting based on having had to respond previously to a similar request for admissions in this case.

    Plaintiff's request for admissions is voluminous and lengthy, as defendant suggests, and may indeed contain objectionable matters.[1] But defendant has not satisfied its burden by either claiming to have made sincere effort to resolve this dispute or by formally objecting to plaintiff's request for admissions. The Court will refrain from imposing a protective order until the parties have earnestly attempted to resolve their dispute. A one-time, deposition-break conversation is insufficient, especially when the parties have a history of discovery disputes with subsequent resolutions. Therefore, the Court finds that a protective order is not warranted at this time, but it will continue to monitor the case and will consider such a request after the parties have made a

---

[1]The Court notes, however, that the parties agreed to expand the scope and length of discovery in this case. The parties' proposed amended case management order, for instance, removed the presumptive limits of depositions and interrogatories.

full attempt at resolution.[2]

Accordingly,

**IT IS HEREBY ORDERED** that defendant RJW Transport's Motion for Protective Order is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that defendant shall have until March 2, 2012, to serve its responses and/or objections upon plaintiff regarding plaintiff's first request for admissions.

Dated this   21st   day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[2]The Court also notes that defendant has recently filed another motion to compel discovery, and it similarly encourages the parties to sincerely attempt to resolve that dispute as well.